IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LESLIE MORGAN | § | |
| v. | § | CIVIL ACTION NO. 9:11cv98 |
| CRAIG FISHER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Leslie Morgan, proceeding *pro se*, filed this civil action under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Morgan's statement of claim against each defendant reads, in its entirety, as follows: "Retaliation, conspiracy, due process violations, 1st, 5th, 8th, & 14th Amendment violations, blackmail, extortion, diliberate [sic[ indifference to Morgan's safety and well-being, actual injury." No other facts are given.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Morgan has filed over 22 lawsuits or appeals in the federal courts, and the Fifth Circuit has found that at least three of these lawsuits or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Morgan v. Godwin, 193 F.3d 518, 1999 WL 706222 (5th Cir., August 24, 1999) (stating that Morgan has three strikes).

Because Morgan has three strikes, the Magistrate Judge stated that under 28 U.S.C. §1915(g), he cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent danger

1

of serious physical injury. In this case, Morgan did not pay the filing fee or show that he is in imminent danger, and so the Magistrate Judge recommended that the lawsuit be dismissed.

Morgan did not file objections to the Magistrate Judge's Report. However, he did file a motion to amend his complaint and a "notice of showing of actual injury with atypical and significant hardships" after the Report was issued, and so the Court will review these as objections.

In his proposed amended complaint, Morgan says that a correctional officer named Obadiah Lopez had himself transferred to the Eastham Unit in February of 2011, so as to ensure that Morgan would not be promoted from his current classification status. He states that Lopez conspired with Warden Oliver to facilitate officers in targeting Morgan for disciplinary action; Morgan's living area was repeatedly searched and Morgan was subjected to "severe forms of racism."

On May 17, 2011, while Morgan was writing a letter to his mother while waiting in line for the commissary, he was charged with a disciplinary case. He was taken to the administrative segregation area and placed in a filthy cell that had feces smeared on the wall, dirty sheets covered with roaches, no light, no mattress, no sheets, and no toilet paper. He remained in this cell for six days. Morgan says that he received this disciplinary case in order to prevent him from becoming eligible for parole.

Morgan goes on to reiterate that Lopez was transferred to Eastham for the sole purpose of organizing disciplinary action against him. He says that Warden Oliver conspired with the grievance investigator, Floyd Hicks, and the disciplinary hearing officer, Blake Lamb, to ensure that Morgan was convicted in the disciplinary case.

Morgan explains that an officer named Dennis Taylor, who retired from the Houston police department, has been watching him and reporting on him for several years. He states that he, Morgan, is in prison for attempted capital murder of a Houston police officer, and the "political connections of the police force in Houston" will not allow him to become eligible for parole consideration. Morgan notes that during the first 14 years of his imprisonment, he only received one minor disciplinary case, but that once he became eligible for parole consideration in January of 2007,

he began receiving more disciplinary cases; this was done so that he could not be promoted to State Approved Trusty IV or higher and thus become eligible for parole.

In his "notice of actual injury," Morgan says that on February 24, 2011, he was involved in a unit shakedown and had to take all of his property to the north gym. He took his property to a table, and when Officer Hill came over, Morgan told her that he had to send some property home and in fact had written her several times to tell her of this. A bag was put together of property to be sent home, including legal documents, Bibles, magazines, and letters and cards which were "priceless."

However, Morgan says, the property was tagged as to be destroyed. For the next six weeks, he fought for this property, and filed numerous grievances, all but one of which were returned to him. Several officers conspired to confiscate it, and to date, he still has not seen the bag of property.

On May 27, 2011, Morgan was found guilty of the disciplinary charge which he had received. That same day, he was demoted to medium custody and placed in the filthy cell to which he referred in his proposed amended complaint. From that cell, he apparently went to K Line, where over the past two weeks, two mattress fires have been started and thrown into the windows, which then burned and cracked. A number of inmates are on cell restriction but are still allowed to go to the dayroom; Morgan says that the lack of disciplinary sanctions promotes even more disciplinary behavior. All of this occurs on second shift.

None of the allegations in Morgan's proposed amended complaint or his notice show that he was in imminent danger of serious physical injury as of the time that the complaint was filed. As the Magistrate Judge explained, in order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). Furthermore, the Magistrate Judge

observed that the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury; general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to §1915(g). Valdez v. Bush, slip op. no. 3:08cv1481, 2008 WL 4710808 (S.D.Tex., October 24, 2008) (unpublished) (available on WESTLAW at); Ruston v. Dallas County, slip op. no. 3:04cv1691-B, 2004 WL 2512232 (N.D.Tex., Nov. 5, 2004).

In this case, Morgan has failed to present specific facts showing that he is under imminent danger of serious physical injury. To the extent that his proposed amended complaint and notice may be construed as objections to the Report of the Magistrate Judge, these are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and Morgan's proposed amended complaint and "notice of actual injury. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that to the extent that Morgan's pleadings may be construed as objections to the Report, these are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 6) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* civil action raising the same claims as herein presented, but without prejudice to the refiling of this civil action without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. Should Morgan pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed in this civil action as though the full fee had been paid from the outset. Payment of the filing fee shall not affect a frivolousness analysis under 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **September, 2011.**

_____
Ron Clark, United States District Judge